UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

George Charles Kuzelka, Kathleen Anne
Kuzelka, James LaFleur, and Kristine
LaFleur,

         Plaintiffs,

v.

MTD Products, Inc., *et al.*,

         Defendants.

Civ. No. 10-4163 (RHK/AJB)

**ORDER**

    This matter is before the Court *sua sponte*.

    Invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiffs George and Kathleen Kuzelka and James and Kristine LaFleuer commenced this negligence action against several defendants, including MTD LLC.[1] Plaintiffs allege in their Complaint that they are Minnesota residents and that MTD LLC is "a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Medina County, Ohio." (Compl. ¶¶ 1-2, 7.)

    As the parties invoking the Court's jurisdiction, Plaintiffs bear the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required them to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed.

---

[1] The Defendants – MTD Products, Inc., MTD Products, Ltd., MTD Holdings, Inc., MTD LLC, and MTD Consumer Group, Inc. – appear to fall under the same corporate umbrella.

Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). They have failed to do so here, for two reasons.

First, the Complaint alleges only that Plaintiffs are *residents* of Minnesota. (Compl. ¶¶ 1-2.) But diversity jurisdiction requires diversity of *citizenship*, see 28 U.S.C. § 1332(a)(1), and residency and citizenship are not synonymous. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Hence, the Court cannot determine if Plaintiffs are Minnesota citizens or, rather, are citizens of some other state.

Second, one Defendant, MTD LLC, is a limited liability company. A limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Here, the Complaint contains no information about the citizenship of MTD LLC's members – indeed, no members are identified in the Complaint at all.[2]

Based on the foregoing, **IT IS ORDERED** that Plaintiffs shall redress the deficiencies set forth above on or before October 27, 2010, or the Court will dismiss this

---

[2] Plaintiffs should not be heard to complain that they lack sufficient information at this juncture to adequately allege the citizenship of MTD LLC's members. By commencing this action here, they were required to have a good-faith basis to invoke diversity jurisdiction. See Fed. R. Civ. P. 11. Hence, courts routinely require plaintiffs, at the pleading stage, to adequately allege the citizenship of a defendant LLC's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No. 4:08-CV-87, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).

action for lack of subject-matter jurisdiction.

Date: October 12, 2010

                                                    s/Richard H. Kyle
                                                    RICHARD H. KYLE
                                                    United States District Judge